## THE GARFIELD NO. 6. THE GLORIA WEST. THE VERONA.

District Court, W. D. Washington, N. D. May 20, 1929.

### Nos. 12141–12143.

Daniel Landon, of Seattle, Wash., for libelants.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for claimants.

NETERER, District Judge. The above causes of action were consolidated and referred to a Commissioner to take evidence on the 20th day of February, 1928, on motion of the claimants. Testimony was begun April 23, 1928, and the last testimony taken December 31, 1928. The Commissioner filed his report on the 23d of March, 1929. Exceptions were filed by the libelant and by the claimant, and these were presented to the court on the 24th of April, 1929. .

The libelant sought to recover against the scow Garfield No. 6 $4,657.51, against the Gloria West $2,178.67, and the Verona $367.36, for materials furnished and labor performed by libelant in the repair and betterment of the watercraft.

The Commissioner found in favor of the libelant against the scow Garfield No. 6 $3,-587.50 with interest from August 1, 1927; against the Verona for $288.65 with interest from July 14, 1927, for work ending May 14, 1927, and $35.03 from September 8, 1927, for work ending July 8, 1927; and against the Gloria West for $1,185.95 with interest from August 1, 1927, for work ending May 31, 1927, $28.40 with interest from August 28, 1927, for work ending June 28, 1927, $66.60 with interest from September 2, 1927, for work ending July 2, 1927, $188.-40 with interest from September 16, 1927, for work ending July 16, 1927, $183.30 with interest from October 19, 1927, for work ending August 19, 1927, $27.55 with interest from November 9, 1927, for work ending September 9, 1927—and recommends that liens be established against the several craft for the respective amounts, together with costs and disbursements.

The libelant contends recovery should be had for the full amount of claims, and the claimants contend that the finding is not supported by the evidence; that the work upon the scow was guaranteed to be done on or before the 1st day of May, 1927, and because of the failure to carry out the covenant of warranty the claimant suffered a loss in the amount of $8,000; and also that the charges were exorbitant and the services rendered on, and material furnished for, all of the craft did not exceed the reasonable value of $4,000. Objection is also made to the consideration of certain evidence, because the bookkeeper who was employed by the libelant at the time these serv-

ices were rendered, but not now so employed, was not called, and that upon the account as presented there appears on the face thereof certain erasures, which discredit the entire statement. This objection is not well founded upon the evidence, because there is testimony in the record of the superintendent who had personal recollection and was examined extensively by the claimants with relation to these accounts, the services rendered, etc. And it also appears that periodical statements were sent to the claimants of the labor performed and materials furnished as the work progressed, and one of the claimants was present practically all of the time during the betterment and repairing, gave directions for changes or to the manner in which he desired the work performed, and was advised by reason of personal contact and the periodic statements of the exact status and condition.

It is also contended at bar that the testimony overwhelmingly shows that there was a definite, distinct, and positive covenant or guaranty that the work would be finished on or before the 1st day of May. The testimony is in dispute. The libelant says there was no understanding and the claimants say there was an understanding. There is no definite language in the testimony, or statement that the libelant agreed to do the work within a given time. There was some conversation with relation to the work to be done and the probable time it would take to do the work in the event the scow was purchased, and this general conversation during the latter part of March did convey the idea that the work could be done before the 1st of May. The scow, however, was not delivered, until the 8th or 9th of April, and at the time of delivery, or any other time, was there any agreement by the libelant to finish the work before the 1st of May. There must be a mutual promise and agreement, and there is none such in the record, The mere conversation advisory with relation to time, etc., is not sufficient, but the understanding must be definite and positive. The conduct and relation of the parties confirm the statements of the libelant. The libelant had performed like service for the claimants for a number of years with definite agreement as to payment, but not to definite time in which to do the work, the only understanding being that the libelant would perform the required work for the claimants as speedily as possible and wait for payment until the close of the fishing season for the reasonable value of the services performed, and the same understanding obtained in this case.

One of the claimants was present and directed the changes desired in the scow Garfield No. 6. There is nothing in the evidence that any complaint was made at any time with relation to the time in making the repairs or changes, or the manner in which it was performed, or any claim that the scow should be delivered within a definite time. No objection was made when the scow was delivered. During the summer additional work was done by the libelant for the claimants as indicated by the findings. No suggestion was made out of harmony with the contention of the libelant, or any claim made until the libelant sought to collect the amounts due prior to instituting the libel proceedings.

It is not reasonable to presume that the claimants would have silently stood by in the daily performance of the work by the libelant, if the understanding had been as contended for by the claimants. Human nature and self-interest do not operate in that way. An examination of this entire record discloses this preponderant fact from any viewpoint of approach.

Upon the unreasonableness of the charges, the testimony is likewise out of harmony. The Commissioner had before him all the witnesses, observed their demeanor and manner of testifying, and was in a position to determine the credibility of the witnesses. He has given the claimants credits in large amounts, and in view of the experience that the Commissioner has had, covering a period of 20 years, during which time many cases have been considered and reported, I do not think that any useful purpose could be served by discussing this testimony in extenso. An examination of the record convinces me that the Commissioner's conclusion upon the fact meets justice perhaps as nearly as may be done, and an extensive discussion would not be beneficial.

The exceptions of both parties are denied, and the report of the Commissioner is affirmed. Decree to be entered on notice.